IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

THURSTON ANDREW HELMS          )
                               )
v.                             )
                               )
TENNESSEE DEPARTMENT OF        )
SAFETY                         )
                               )
                               )

FILED

April 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

FOR PUBLICATION

01S01-9709-CH-00185

DAVIDSON CHANCERY

**OPINION ON PETITION TO REHEAR**

The appellant, Thurston Andrew Helms, has filed a thoughtful and earnest petition to rehear in the above styled case, contending that this Court has overlooked or misunderstands the nature and adoption of English common law. The appellant once again argues that the statutes governing the forfeiture of personal property are unconstitutional because they omit the right to a jury trial.

This Court has held in previous decisions and we continue to hold that Tennessee adopted English common law only as it existed in North Carolina, when Tennessee became a separate state in 1796. Therefore, when reviewing the right to a jury trial under the common law, we must look to the historical common law of North Carolina.

In the appendix to his petition, the appellant has attached a copy of a colonial North Carolina statute which established jury trial proceedings in slave forfeiture cases. The appellant submits the statute as proof that North Carolina authorized the use of jury trials in forfeiture proceedings. However, as statutory law is separate from common law, we are not persuaded by the colonial statute.

This Court presumes enactments of our General Assembly to be constitutional. The party challenging the constitutionality of a statute, as the forfeiture statutes here, bears a heavy burden of overcoming that presumption. All reasonable doubts are resolved in favor of the statute's constitutionality.

Admittedly, the issue in this case is close. We are mindful of the difficult task of the appellant in developing and presenting historical evidence of sufficient weight and clarity so as to overcome the presumption that our General Assembly acted constitutionally when it enacted the present day forfeiture procedures. Nevertheless, having once again reviewed the record in this case, including the statute submitted by the appellant in the appendix to his petition to rehear, we cannot conclude that the appellant has overcome the presumption that the legislation is constitutional. Accordingly, the petition to rehear is respectfully overruled.

_____
WILLIAM M. BARKER, JUSTICE

Concur:

Anderson, C.J.,
Drowota, Birch, Holder, JJ.